IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RUBIN CRAIN, IV, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | No. 3:19-cv-02773-G (BT) |
| | § | |
| | § | |
| DAVID GUTIERREZ, et al., | § | |
|     Respondents. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Rubin Crain, IV, a Texas prisoner, filed a *pro se* petition for a writ of habeas corpus. The District Court referred the resulting civil action to the United States magistrate judge, pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the Court should transfer Crain's petition to the Fifth Circuit Court of Appeals because it is successive and deny all of his pending motions.

I.

On August 14, 2012, in the 7th Criminal District Court of Dallas County, Texas, a jury found Crain guilty of burglary of a building. Crain pleaded true to two enhancement allegations, and he was sentenced to ten years' imprisonment.

Thereafter, Crain filed a federal habeas petition that this Court denied. *See Crain v. Davis*, No. 3:15-cv-2476-M-BN, 2016 WL 4385826 (N.D. Tex. July 14, 2016), *rec. accepted*, 2016 WL 4399316 (N.D. Tex. Aug. 17, 2016) (denying federal habeas petition). He also filed several other federal habeas petitions that were

1

dismissed for lack of jurisdiction on the basis that they were successive. *See Crain v. Davis*, No. 3:16-cv-3382-B-BH (N.D. Tex. Jan. 3, 2018) (transferring successive petition to the Fifth Circuit); *Crain v. Director, TDCJ-CID*, No. 6:16-cv-01150, 2017 WL 3300571 (E.D. Tex. July 13, 2017), *rec. accepted*, 2017 WL 3283420 (E.D. Tex. Aug. 1, 2017) (dismissing successive petition for lack of subject matter jurisdiction); *Crain v. Davis*, 3:19-cv-1912-K-BN, 2019 WL 4359434 (N.D. Tex. Aug. 22, 2019), *rec. accepted*, 2019 WL 4318904 (N.D. Tex. Sept. 11, 2019) (dismissing federal habeas petition).

On November 4, 2019, Crain filed his petition for a writ of habeas corpus in this case. Crain's petition is difficult to discern, but he appears to claim:

(1) his sentence is invalid because it violates the Fifth and Eighth Amendments;

(2) his due process rights were violated by excessive confinement; and

(3) he was subjected to an "incriminating" classification interview procedure.

More particularly, he appears to challenge a decision of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), Board of Pardons and Parole, arguing that, from 1979 to the present, prison officials have violated his constitutional rights and federal law by failing to release him to parole or mandatory supervision when his flat time, combined with his "good time," exceeded his sentence. Pet. 2, 6-12, 14, 16 (ECF No. 3).

2

On February 26, 2020, Respondent filed an answer arguing that Crain's petition is successive and should be dismissed, or in the alternative, his claim is either barred by the statute of limitations or unexhausted.

II.

Crain initiated this civil action by filing a form petition for a writ of habeas corpus under 28 U.S.C. § 2241. But because Crain challenges the validity of his state sentence, *see* Pet. 7, his petition must be construed as a petition for a writ of habeas corpus under 28 U.S.C. § 2254. *See Arreola-Amaya v. Fed. Bureau of Prisons*, 623 F. App'x 710, 710 (5th Cir. 2015) (per curiam) ("[A] challenge to the validity of a state conviction or sentence must be brought pursuant to 28 U.S.C. § 2254.") (citing *Felker v. Turpin*, 518 U.S. 651, 662 (1996)).

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a state prisoner may file a second or successive application for habeas relief in federal court. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Publ. L. 104-132, 110 Stat. 1214 (1996). To raise a claim in a second or successive § 2254 petition, a prisoner must show: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court. *See* 28 U.S.C. § 2244(b)(2). Before a petitioner files a successive petition in the District Court, a

3

three-judge panel of the Fifth Circuit must determine whether he makes the requisite prima facie showing. *See* 28 U.S.C. § 2244(b)(3)(A) and (B).

A petition is deemed successive when it raises a claim that was or could have been raised in an earlier petition, or otherwise is an abuse of writ. *Hardemon v. Quarterman*, 516 F.3d 272, 275 (5th Cir. 2008). However, a second petition is not successive when the first petition was dismissed due to prematurity or for lack or exhaustion. *Stewart v. Martinez-Villareal*, 523 U.S. 637, 643-46 (1998). This is so because "dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." *Id*. at 645.

Here, Crain argues that, from 1979 to the present, prison officials have violated his constitutional rights and federal law by failing to release him to parole or mandatory supervision when his flat time, plus his "good time" credit, exceeded his sentence. However, Crain could have raised this claim when he filed his first federal habeas petition on July 27, 2015. The claims set forth in his state habeas application, filed on June 9, 2015, reflect that he was aware that he would not be released to mandatory supervision when his various time credits added up to his sentence.[1] State Habeas Ct. R. 08 at 7-11, 17-18. Because Crain could have argued that the failure to release him to parole when his time credits equaled his sentence would violate his rights when he filed his first federal habeas petition on July 27,

---

[1] In Texas, there are two general ways that a prisoner can become eligible for early release: parole and mandatory supervised release. *Teague v. Quarterman*, 482 F.3d 769, 774 (5th Cir. 2007).

4

2015, this petition should be deemed successive. Indeed, another court that dismissed one of Crain's previous federal petitions came to the same conclusion. *Crain v. Director, TDCJ-CID*, No. 6:16-cv-01150, 2017 WL 3300571 (E.D. Tex. July 13, 2017), *rec. accepted*, 2017 WL 3283420 (E.D. Tex. Aug. 1, 2017) (finding that found that any challenge concerning parole that could have been raised in his July 27, 2015 petition was successive and dismissing petition for lack of subject matter jurisdiction). The Fifth Circuit has not issued an order authorizing this Court to consider Crain's successive petition. He must obtain such an order before he may file another petition for habeas relief under § 2254.

III.

The Court should TRANSFER Crain's petition for a writ of habeas corpus to the United States Court of Appeals for the Fifth Circuit pursuant to *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997), and DENY any pending motions.

**SO RECOMMENDED.**

January 15, 2021.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).